UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62497-CIV-SCOLA

WYATT R. DUVALL,

   Plaintiff,

vs.

SUN-SENTINEL COMPANY,

   Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS AND
DENYING AS MOOT MOTION TO STAY DISCOVERY**

THIS MATTER is before the Court upon the Motion to Dismiss Complaint, or in the Alternative, to Enforce Settlement Agreement [ECF No. 15], and the Motion to Stay Discovery, or in the Alternative, for an Extension of the Time Period to Respond [ECF No. 34], both filed by Defendant Sun-Sentinel Company ("Sun-Sentinel"). For the reasons explained below, the Court cannot dismiss this case or enforce the settlement agreement at this time. Sun-Sentinel's request for a stay pending a ruling on the motion to dismiss will be denied as moot. As alternatively requested, however, the Court will permit Sun-Sentinel 14 days to comply with any outstanding discovery requests.

Plaintiff Wyatt R. Duvall ("Duvall") delivered newspapers for Sun-Sentinel in Broward County, Florida. In September 2012, Duvall filed suit in state court, asserting claims for breach of contract, bad-faith, unjust enrichment, interference with a business relationship, and intentional infliction of emotional distress. The state court lawsuit concerned Sun-Sentinel's alleged failure to renew Duvall's contract as a newspaper delivery carrier. That case ended in a settlement and was voluntarily dismissed, with Duval agreeing to the following general release:

> General Release. DUVALL . . . does hereby remise, release, acquit, satisfy and forever discharge SUN-SENTINEL COMPANY . . . of and from all manner of action and actions, cause and causes of action, suits, debts, covenants, contracts, damages, controversies, variances, trespasses, judgments, executions, bills, and claims, in law or in equity, which DUVALL ever had, . . . from the beginning of

>the world to the day of these presents[.] This Release includes, but is not limited to, any and all past, present, or future claims and causes of action relating to any of the matters, transactions, and issues asserted, which could have been asserted, or arising out of, the litigation.

*See* Confidential Settlement Agreement [ECF No. 15-2] at 2-3.

In December 2012, after the state court case ended, Duval filed this action in federal district court, alleging that Sun-Sentinel discriminated against him on the basis of race or national origin in violation of Title VII of the Civil Rights Act of 1964. Duval, who is Caucasian and a United States citizen, asserts that he was interested in additional employment opportunities and promotions with Sun-Sentinel, but that he was passed over for such positions because the company unlawfully favored Hispanic individuals.

Sun-Sentinel moves to dismiss the federal lawsuit, arguing that it is barred under the general release that Duval signed in the state court action and under the doctrine of res judicata. In response, Duval contends that there was no consideration for the release, that there was no meeting of the minds as to the scope of the release, and that Sun-Sentinel misled him about its scope and/or should have told him that the release would cover his federal employment discrimination claim, as his charge was then pending with the Equal Employment Opportunity Commission ("EEOC"). Duval also argues that, for res judicata purposes, the facts between the two suits were not the same. In reply, Sun-Sentinel maintains that Duval is bound by what he signed, and that under the language of the release, his federal claim is barred. Sun-Sentinel also continues to assert that res judicata precludes this action.

At this stage of the proceedings, the Court is forced to side with Duval. Sun-Sentinel has not established that the release bars his Title VII claim in this case. While the release is framed broadly and, by its plain language, would seem to encompass Duval's employment discrimination claim, that is not the end of the matter. The Eleventh Circuit has cautioned that the waiver of remedial statutory rights under Title VII "must be closely scrutinized" under "the totality of the circumstances" to ensure that "the release [was] knowing and voluntary." *See Bledsoe v. Palm Beach Cnty. Soil & Water Conserv. Dist.*, 133 F.3d 816 (11th Cir. 1998) (citation omitted). So, while Sun-Sentinel contends that the state court action and the release are subject to judicial notice, the Court cannot dismiss on the basis of those documents alone, no matter how broad the release's language. Instead, Eleventh Circuit case law instructs that the

Court must make fact-intensive inquiries to determine whether, under "the totality of the circumstances," Duvall made a "knowing and voluntary" waiver of federal remedial rights. *See Myricks v. Fed. Reserve Bank of Atlanta*, 480 F.3d 1036, 1040 (11th Cir. 2007).

This Court's "review of the totality of the circumstances involves several objective factors," including:

> the plaintiff's education and business experience; the amount of time the plaintiff considered the agreement before signing it; the clarity of the agreement; the plaintiff's opportunity to consult with an attorney; the employer's encouragement or discouragement of consultation with an attorney; and the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled.

*See id.* (quoting *Puentes v. United Parcel Serv. Inc.*, 86 F.3d 196, 198 (11th Cir. 1996)). The Court obviously cannot evaluate and apply the above factors at the motion to dismiss stage, especially in light of Duvall's arguments that he did not know he was waiving any federal statutory claims and that Sun-Sentinel essentially pulled a bait-and-switch by not expressly telling him so. The Eleventh Circuit has stressed that "each factor should be independently analyzed." *See Bledsoe*, 133 F.3d at 820. The manner in which Duvall's arguments mesh with the relevant factors above is something that will have to be resolved on summary judgment, or perhaps even at trial. *See id.* ("district court erred in granting summary judgment" where there was "nothing in the release that suggests or mentions a waiver of federal discrimination claims," thus creating a jury question "about whether [the plaintiff] voluntarily and knowingly released his [statutory] claims").

As for Sun-Sentinel's res judicata argument, the Court must reject it because an essential element – that the two actions involve the same subject matter – is missing. It is hornbook law that res judicata "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). The doctrine "acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *See Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998). Thus, to prevail on res judicata grounds, the moving party must show, among other things, that "the latter case 'arises out of the same nucleus of operative fact, or is based upon the same factual predicate,' as

the former one." *See Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (quoting *Ragsdale*, 193 F.3d at 1239). That is not the case here.

In the state court action, Duvall complained that his contract as a newspaper carrier was not renewed, or was interfered with, by Sun-Sentinel. In this federal lawsuit, Duvall complains about Sun-Sentinel's failure to promote him and/or its failure to consider him for additional jobs, or to assign him additional routes and responsibilities. While there may be some overlap in the two lawsuits, this federal case clearly concerns more than just Sun-Sentinel's alleged failure to renew his contract as a newspaper deliverer. It involves separate allegations that Sun-Sentinel failed to promote him or to consider him for additional jobs and responsibilities. The fact that both cases generally concern his employment with Sun-Sentinel is not enough. The required symmetry between the two actions just isn't there; hence, no res judicata. *See Maldonado*, 664 F.3d at 1376 ("A new claim is barred by res judicata if it is based on a legal theory that was or could have been used in the prior action.").

Moreover, Duvall did not receive his "Notice of Right to Sue" from the EEOC until October 31, 2012 – more than a month after he filed suit in state court. In other words, his Title VII claim was not ripe at the time he commenced proceedings in state court. *See Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567 (11th Cir. 1996) ("Before instituting a Title VII action in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party and receive statutory notice from the EEOC of his or her right to sue the respondent named in the charge."). As such, even if Duvall could have hypothetically amended his state court complaint to include all the allegations he now brings, he was under no obligation to do so. "[T]he doctrine of *res judicata* does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired claim." *See Pleming*, 142 F.3d at 1357. For this reason too, Sun-Sentinel's res judicata argument fails.

In conclusion, the Court cannot dismiss this action on the basis of the state court release, nor for res judicata. While Sun-Sentinel may understandably be frustrated by having to defend against a claim arguably encompassed within the release's very broad language, the Eleventh Circuit has made a value judgment about the waiver of federal remedial rights that this Court must honor. Where such rights are concerned, as they are here, it is not enough that the literal wording of the release encompasses the plaintiff's subsequently-asserted claims. The reviewing

court must also find that the plaintiff made a "knowing and voluntary" waiver, based on "the totality of the circumstances." *See Myricks*, 480 F.3d at 1040. Thus, the extent to which the release bars this action is a matter that will have to be resolved at a later stage in the proceedings. If Sun-Sentinel thinks it prudent, it is free to seek early summary judgment on this issue, bearing in mind that this District's Local Rules do not permit the filing of summary judgment motions in seriatim. S.D. Fla. L. R. 7.1(c)(2) ("Filing multiple motions for partial summary judgment is prohibited, absent prior permission of the Court.").

Accordingly, it is hereby **ORDERED and ADJUDGED** that Sun-Sentinel's Motion to Dismiss Complaint, or in the Alternative, to Enforce Settlement Agreement [ECF No. 15] is **DENIED**. Sun-Sentinel's Motion to Stay Discovery, or in the Alternative, for an Extension of the Time Period to Respond [ECF No. 34] is **DENIED AS MOOT**, as to the request for a stay pending a ruling on the motion to dismiss, and **GRANTED**, as to the request for 14 days in which to respond to outstanding discovery requests. Sun-Sentinel shall have until **July 15, 2013** to comply with such discovery requests.

**DONE and ORDERED** in chambers at Miami, Florida on July 1, 2013.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE